UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Davonte Martin,

       Petitioner,                    Case Number: 21-12616
                                             Hon. George Caram Steeh

v.

John Davids,

       Respondent.
_____/

## OPINION AND ORDER TRANSFERRING
## PETITIONER'S RULE 60(B)(1) AND (6) MOTION TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

On July 1, 2024, this Court denied Davonte Martin's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 and granted a certificate of appealability. (ECF No. 14.) On July 30, 2024, Martin filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) and (6). (ECF No. 16.) The Court ordered Respondent to file a response. (ECF No. 17.) Respondent has filed a response, and Martin has filed a reply brief. (ECF Nos. 18, 20.) For the reasons stated below, the Court transfers the motion for relief from judgment to the Sixth Circuit Court of Appeals.

Rule 60(b) permits a court to "relieve a party … from a final judgment, order, or proceedings" for five specified reasons, Fed. R. Civ. P. 60(b)(1)-

- 1 -

(5), or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). As a threshold matter, the Court must determine whether it has jurisdiction to consider Martin's motion. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016). Under some circumstances, a Rule 60(b) motion filed in a § 2254 action may be subject to AEDPA's restrictions on second or successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). When a "Rule 60(b) motion advances one or more 'claims'" such as "a new ground for relief," or if it alleges "that the [federal] court erred in denying habeas relief on the merits," courts must treat the motion for reconsideration as a "second or successive habeas petition." *See id.* at 532-34. On the other hand, a motion does not seek to advance new claims and should not be transferred to the circuit court if the motion merely attacks the integrity of the federal habeas proceedings or challenges a previous ruling that precluded a merits determination. *Id.* at 532.

In his Rule 60 motion, Martin "advances" an "asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S.

at 530. He attacks the Court's on-the-merits determination of his claims. The motion, therefore, is a successive habeas petition.

In his reply brief, Martin states "Noting the nature of the relief sought, the Court has treated the Motion as being filed under Rule 59 …" (ECF No. 20, PageID.1260.) Martin does not explain the basis for this assertion and nothing in the Court's previous orders supports this assertion. In any event, Martin argues that because his motion was filed before the time for filing an appeal expired, his motion is a "continuation" of the first habeas petition and should not be treated as a successive petition. (*Ibid.*) As support for this argument, he relies on the Supreme Court's decision in *Banister v. Davis*, 590 U.S. 504 (2020). The question in *Banister* was whether a motion filed under Federal Rule of Civil Procedure 59(e) constituted a second or successive § 2254 petition. *See id.* at 511. The Court concluded that a Rule 59(e) motion is not subject to § 2244(b)'s restrictions. *Id.* at 521. This ruling, however, does not apply to Martin's motion.

Rule 59(e) permits a party to ask the Court to alter or amend its judgment within 28 days of entry of that judgment. *Banister* concerned a Rule 59(e) motion that was timely filed. Here, to the extent that Martin now seeks relief under Rule 59(e), rather than under Rule 60(b), such relief is

unavailable because the motion was not timely filed.  The judgment denying Martin's petition was issued on July 1, 2024.  The time for filing a Rule 59(e) motion expired on July 29, 2024.  Martin's motion, filed on July 30, 2024, was one day late.  The Court may not extend the time for filing a Rule 59(e) motion.  *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under … [Rule 59(e).]"). Accordingly, even if the Court construed the motion as having been filed under Rule 59(e), Martin is not entitled to relief.

Martin has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b).  The Court will transfer the motion to the Sixth Circuit Court of Appeals for a determination whether Martin is authorized to file a successive petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Clerk of the Court is directed to transfer Petitioner's motion for relief from judgment (ECF No. 16) to the United States Court of Appeals for the Sixth Circuit.

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

Dated:  February 6, 2025

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 6, 2025, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Deputy Clerk